IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHELLE CAMPBELL, Individually, ) <br> and as surviving spouse of ) <br> James Richard Campbell, Jr., deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAKE REGIONAL MEDICAL ) <br> MANAGEMENT, INC., d/b/a Lake ) <br> Regional Medical Urgent Care – Eldon, ) <br> RENE REVELLE, FNP, ) <br> KANDI WILLIAMS, LPN, ) <br> KANDI PADGETT, LPN, ) <br> JOHN AND JANE DOES #1-10, ) <br> MICHAEL J. VIERRA, M.D., ) <br> LAKE REGIONAL HEALTH SYSTEM, ) <br> and ) <br> LAKE REGIONAL ALLIED SERVICES,) <br> ) <br> Defendants. ) | Case No. 19-04124-CV-C-NKL |

## JOINT PROPOSED SCHEDULING PLAN

Come now the Parties and pursuant to the Court's July 18, 2019, Order, submit the following Joint Proposed Scheduling Plan to the Court:

## PROPOSED SCHEDULING PLAN

1. Counsel for the parties have discussed the nature and basis of their claims and defenses, the possibility for a prompt settlement, formulation of a discovery plan and issues relating to preserving discoverable information and the production of electronically stored information as required by Rule 26 and Local Rules 16.1 and 26.1.

2. Per the Court's July 18, 2019, Order, the parties conferred on July 26, 2019, at 2:00 p.m. Plaintiff and Defendants Lake Regional Medical Management, Inc., d/b/a Lake Regional

Medical Urgent Care – Eldon, Rene Revelle, Kandi Padgett, Kandi Williams, Lake Regional Health System and Lake Regional Allied Services agreed to exchange Rule 26 disclosures by August 6, 2019. Plaintiff and Defendant Michael Vierra agreed to exchange Rule 26 disclosures by August 6, 2019.

3. The parties agree discovery will be conducted predominantly through the production of electronic copies of the materials sought and any electronic discovery materials will be produced in a readily readable format. The parties do not anticipate the cost and burden of retrieving any electronically stored information will be an impediment to its production.

4. Joint Proposed Scheduling Plan:

   a. The parties have no agreed upon provisions for the disclosure of electronically stored information or agreements regarding claims of privilege, except those listed herein.

   b. The parties agree that discovery will not be conducted in phases or limited to certain issues, but will be conducted on an ongoing basis within the time frames listed herein.

   c. The parties agree the presumptive limit of 10 depositions per side and 25 interrogatories per party as set forth in the Federal Rules of Civil Procedure shall apply in this case, but by stipulation the parties may agree to additional discovery.

   d. With regard to claims of privilege and work product, the parties agree to follow Fed. R. Civ. P. 26(b)(5)(A) where a privilege log is requested in writing.

   e. Joinder of additional parties and amendments to pleadings will be completed by November 30, 2019.

f.  The Parties believe any referral for mediation would be most productive on or before December 31, 2019.

g.  Plaintiff shall disclose all expert witnesses and shall provide reports required by Fed. R. Civ. P. 26(a)(2) for any such experts by February 1, 2020.

h.  Plaintiff's experts will be produced for deposition by March 1, 2020.

i.  Defendant will disclose its experts and will make any requests for examination pursuant to Rule 35 by April 1, 2020.

j.  Defendant will produce its experts for depositions and have any Rule 35 examination conducted by May 1, 2020.

k.  The parties agree all discovery shall be completed by June 1, 2020.

l.  The parties agree dispositive motions will be filed on or before July 1, 2020.

m.  The parties agree motions to exclude expert testimony will be filed on or before July 1, 2020.

n.  The parties anticipate the earliest date this case can reasonably be ready for trial is November 11, 2020.

o.  The parties estimate a five-day jury trial.

5.  The parties are not aware of any other matters pertinent to the completion of discovery in this case. Other matters that may arise pertinent to the completion of discovery in this case shall be resolved by stipulation or shall be presented to the Court by motion to apprise the Court of a party's or parties' position with respect to the issues that may arise during the course of scheduled discovery.

DAVIS, BETHUNE & JONES, LLC

*/s/ Grant L. Davis*

Grant L. Davis      MO #34799
Scott S. Bethune     MO #35685
Wes Shumate       MO #60396
1100 Main Street, Suite 2930
Kansas City, MO 64105
Phone: (816) 421-1600
Fax: (816) 472-5972
gdavis@dbjlaw.net
sbethune@dbjlaw.net
wshumate@dbjlaw.net

---

Michael L. Wilson      MO #33135
The Wilson Law Firm, LLC
6247 Brookside Boulevard, Suite 226
Kansas City, MO 64113
Phone: (816) 363-2112
Fax: (816) 363-2114
mlwilson@kc.rr.com
**ATTORNEYS FOR PLAINTIFF**

NEWMAN, COMLEY & RUTH P.C.

*/s/ Edward C. Clausen*

Edward C. Clausen     #34621
Joshua L. Hill         #62951
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO 65102
(573) 634-2266
FAX: (573) 636-3306
ed.c@ncrpc.com
hillj@ncrpc.com
**ATTORNEYS FOR DEFENDANTS LAKE REGIONAL MEDICAL MANAGEMENT, INC., RENE REVELLE, KANDI WILLIAMS, KANDI PADGETT, LAKE REGIONAL HEALTH SYSTEM AND LAKE REGIONAL ALLIED SERVICES**

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

*/s/ Ryan Bertels*

Robert J. Buckley      #44884
Ryan Bertels          #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
bbuckley@srfblaw.com
rb@srfblaw.com
**ATTORNEYS FOR DEFENDANT VIERRA**