UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHELLE CAMPBELL, Individually, and as surviving spouse of James Richard Campbell, Jr., deceased<br><br>Plaintiff,<br><br>v.<br><br>LAKE REGIONAL MEDICAL MANAGEMENT, INC., d/b/a Lake Regional Medical Urgent Care – Eldon,<br>RENE REVELLE, FNP,<br>KANDI WILLIAMS, LPN,<br>KANDI PADGETT, LPN,<br>JOHN AND JANE DOES #1-10,<br>MICHAEL J. VIERRA, MD,<br>LAKE REGIONAL HEALTH SYSTEM<br>and<br>LAKE REGIONAL ALLIED SERVICES<br><br>Defendants. | Case No. 2:19-cv-04124-NKL |

**ORDER**

Before the Court is the motion by Defendant Dr. Michael J. Vierra to dismiss, or, in the alternative, for more definite statement, Doc. 14, and the motion by Defendants Lake Regional Medical Management, Inc., Rene Revell, Kandi Williams, Kandi Padgett, Lake Regional Health System, and Lake Regional Allied Services (the "Lake Regional Defendants") for more definite statement, Doc. 11. For the following reasons, the motion to dismiss and motions for more definite statement are denied. The request by Plaintiff Michelle Campbell for ninety days to conduct discovery prior to filing her First Amended Complaint, Doc. 17, Doc. 18, is denied as moot.

1

I.  **Background**

On June 24, 2016, Mr. James Richard Campbell, Jr., allegedly visited the Lake Regional Medical Urgent Care – Eldon complaining of shortness of breath and dizziness. According to the complaint, Mr. Campbell was diagnosed with bronchitis, treated, and sent home. Shortly thereafter in the early morning hours of June 25, 2016, Mr. Campbell died of apparent cardiac arrest.

Mr. Campbell's surviving spouse, Plaintiff Michelle Campbell, subsequently filed suit against Defendants Lake Regional Medical Management, Inc., Lake Regional Health System, Lake Regional Allied Services, Rene Revelle, Kandi Williams, Kandi Padgett, John and Jane Does #1-10, and Dr. Michael J. Vierra, asserting claims of negligence, negligent supervision, and vicarious liability. In the complaint, Plaintiff claims that the clinic and its staff were negligent in their treatment of Mr. Campbell, including in failing to perform an adequate medical history and misdiagnosing Mr. Campbell's acute myocardial infarction, leading to a treatment that exacerbated the condition and contributed to Mr. Campbell's death. Plaintiff asserts that all Defendants are liable for negligence (Count I) and negligent supervision (Count II), and that Defendants Lake Regional Medical Management, Inc., Lake Regional Health System, Lake Regional Allied Services, and Does #1-6 are subject to vicarious liability (Count III).

II.  **Standards**

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is generally not required "to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful. Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled give the defendant fair notice of what the claim is and the grounds upon which it rests, and allow the court to draw the reasonable inference that the plaintiff is entitled to relief." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam); *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This rule is not intended to permit parties to cure an alleged lack of detail but rather "is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Motions for a more definite statement are "universally disfavored" due to "liberal notice pleading and the availability of extensive discovery." *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001). *See also Sopkin v. Mo. Nat'l Life Ins. Co.*, 222 F. Supp. 984, 985 (W.D. Mo. 1963); *Thrasher v. Mo. State Highway Comm'n*, 534 F. Supp. 103, 106 (E.D. Mo. 1981).

**III.     Discussion**

Plaintiff's complaint states three causes of action. In Count I, for negligence, Plaintiff alleges that all Defendants owed a duty to Mr. Campbell, that all Defendants breached that duty

3

resulting in injury to Mr. Campbell, and that Defendants were thereby negligent in various ways surrounding the diagnosis, care, and treatment of Mr. Campbell. Doc. 1 (Complaint), ¶ 50-54. In Count II, for negligent supervision, Plaintiff alleges that all Defendants owed a duty to Mr. Campbell, that all Defendants breached that duty resulting in injury to Mr. Campbell, and that Defendants were thereby negligent in the supervision and training of the clinic staff and in the supervision of Mr. Campbell's treatment. *Id*. at ¶ 60-63. In her allegations common to all counts, Plaintiff asserts that, on the day before his death, Mr. Campbell visited the Lake Regional Medical Urgent Care – Eldon and received treatment from the clinic's staff, including Dr. Vierra, Revelle, Williams, Padgett, Does, and other Defendants. *Id*. at ¶ 31-33.

### a. Dr. Vierra's Motion to Dismiss

Dr. Vierra moves to dismiss Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Dr. Vierra asserts that Plaintiff has failed to state a claim against him because the complaint "contains no specific allegations that he breached any duty of care to the decedent." Doc. 14 (Defendant Dr. Vierra's Motion to Dismiss), p. 1. Dr. Vierra argues that the complaint contains no allegations concerning "the treatment he provided and how that treatment was negligent" or "how the specific treatment Dr. Vierra is alleged to have provided deviated from the general standard of care so as to support a negligence claim against Dr. Vierra," and that, aside from Plaintiff's naming Dr. Vierra as a party and allegation that Dr. Vierra provided treatment to Mr. Campbell, there are no allegations at all against Dr. Vierra specifically. *Id*. at p. 3.

Plaintiff's complaint does specifically allege that Dr. Vierra is a licensed doctor and radiologist, and that he was a member of the medical staff of Defendants Lake Regional, Lake

4

Regional Allied Services, Lake Regional Health System, and/or Defendant Doe 6 at all relevant times. Doc. 1, ¶ 17. As discussed above, Plaintiff also details the basis for alleging that all Defendants are liable for both negligence and negligent supervision. Though there are no allegations as to how Dr. Vierra specifically was negligent or how his treatment deviated from the general standard of care, the complaint as a whole puts Dr. Vierra on notice that Plaintiff makes claims against him for negligence and negligent supervision stemming from the treatment he allegedly provided to Mr. Campbell as a member of the clinic's medical staff on June 24, 2016. The Federal Rules of Civil Procedure do not require further specificity.

Moreover, the information Dr. Vierra seeks about his specific role in the alleged negligence and negligent supervision is likely not available to Plaintiff at this time. Documentation of Mr. Campbell's care and the clinic's supervisory policies, for example, are likely in Defendants' possession. It would be unreasonable to require Plaintiff to include such specificity in her complaint. *See, e.g.*, *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 15 (1st Cir. 2012)) (finding "'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where, as here, 'some of the information needed may be in the control of [the] defendants.'"); *City of Evanston v. N. Ill. Gas Co.*, 229 F. Supp. 3d 714, 721 (N.D. Ill. 2017) (finding Plaintiff's failure to allege Defendants' precise role in the conduct did not support a motion to dismiss because in this case such facts "cannot be expected to fall within Plaintiff's knowledge; rather, such facts more likely fall within Defendants' purview").

The complaint, viewed in the light most favorable to the Plaintiff, plausibly alleges that, as a member of the medical staff at Lake Regional Medical Urgent Care – Eldon, Dr. Vierra was

negligent in his treatment of Mr. Campbell, contributing to his death.  Plaintiff's claims are sufficient to survive Dr. Vierra's motion to dismiss.

### b. Dr. Vierra's and Lake Regional Defendants' Motions for More Definite Statement

Plaintiff's allegations are sufficient to withstand the motions for more definite statement as well.

Dr. Vierra and Lake Regional Defendants separately move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Dr. Vierra argues that Plaintiff should be required "to provide a more definite statement of the claim she is attempting to assert against Dr. Vierra so that Dr. Vierra can be put on notice as to what the specific claims are against him, and adequately prepare a defense to those claims."  Doc. 14, p. 3.

As discussed above, Plaintiff alleges that Mr. Campbell received treatment from Dr. Vierra the day before his death and directs allegations regarding liability for Counts I and II against all Defendants.  While Counts I and II do not make allegations particularly toward Dr. Vierra or articulate which of Dr. Vierra's actions caused the injuries, the allegations are sufficient to give Dr. Vierra fair notice of the basis for the relief sought.  These claims are not unintelligible.  The allegations meet the federal notice pleading requirement of Rule 8, and therefore a more definite statement is not required.  *See Tinder*, 207 F. Supp. 2d at 960 ("[Motions for more definite statement] are not to be used to test the opponent's case by requiring him to allege certain facts . . . ."); *Gehrke v. Pinnacle Health Grp., LLC*, No. 13-4135-CV-C-FJG, 2013 WL 5890701, at *3 (W.D. Mo. Nov. 4, 2013) (finding that "neither the Federal Rules nor the case law require the level of specificity which defendant" sought).  Dr. Vierra's motion for a more definite statement is denied.

Lake Regional Defendants argue that Plaintiff's incorporation of all prior allegations into each Count constitutes "shotgun pleading" that prevents Defendants from understanding which factual allegations pertain to which of Plaintiff's claims.  In support of this assertion, Lake Regional Defendants cite case law from the Eleventh Circuit disfavoring this manner of pleading.  Lake Regional Defendants do not point to similar precedent from the Eighth Circuit, and the Court is aware of none.

The primary case Lake Regional Defendants cite to support their argument explains that an important concern with incorporation-by-reference pleading arises where "failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015).  Courts within the Eighth Circuit have generally rejected arguments against incorporation-by-reference pleading where the pleading style does not make understanding the claims more burdensome. *See, e.g.*, *Superior Edge, Inc. v. Monsanto Co.*, 44 F. Supp. 3d 890, 898 (D. Minn. 2014) (finding that a counterclaim which incorporated by reference the prior paragraphs within seven separate counts was nonetheless "more than sufficient to put [Plaintiff] on notice" where each count "explicitly state[d] the basis for relief under each legal theory"); *SEC v. Morriss*, No. 4:12-CV-80 CEJ, 2012 WL 6822346, at *6 (E.D. Mo. Sept. 21, 2012) (finding that Defendants' challenge to incorporation of prior allegations "overstates the difficulty of determining which conduct is attributed to him or which securities statute the conduct is alleged to have violated."); *SEC v. Das*, No. 8:10CV102, 2010 WL 4615336, at *6 (D. Neb. Nov. 4, 2010) (dismissing challenge to pleading that incorporated prior allegations where factual allegations are "relatively brief and clear," and the complaint

7

"does not contain hundreds of paragraphs" or involve numerous defendants and voluminous documents).

By way of example, Lake Regional Defendants assert that by incorporating all prior allegations into Count III for vicarious liability, "it is unclear if Plaintiff claims that these entities are also vicariously liable for themselves under the Negligent Supervision counts." Doc. 22 (Lake Regional Defendants' Reply Brief), p. 2. However, in Count III, Plaintiff expressly alleges that Defendants Lake Regional, Lake Regional Allied Services, Lake Regional Health System, and Does #1-6 are "vicariously liable for the conduct of Defendant Revelle, Defendant Williams, Defendant Padgett, Defendant Does, Defendant Vierra, and all of its other employees and/or agents who were involved in the medical care and treatment of Mr. Campbell." Doc. 1, ¶ 69. Thus, Plaintiff has alleged both the Defendants and the conduct for which the entities may be vicariously liable. Incorporation of the preceding paragraphs therefore does not materially increase the burden of understanding the factual allegations underlying each count. Because Lake Regional Defendants are able to sufficiently identify which factual allegations pertain to them, their motion for more definite statement is denied.

## IV. Conclusion

For the reasons discussed above, Defendant Dr. Vierra's motion to dismiss or, in the alternative, for more definite statement, and Lake Regional Defendants' motion for more definite statement, are DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: September 5, 2019
Jefferson City, Missouri